TEACHERS' RETIREMENT SYSTEM — "CREDITABLE SERVICE" The twenty year creditable service requirement of 70 O.S. 17-105 [70-17-105](1)(c) (1971) for receiving an indefinite extension of membership in the Teachers' Retirement System does not necessitate continuous or uninterrupted service; nor does such requirement exclude membership service which has been reestablished by the redeposit with interest of withdrawn contributions. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions relating to the Teachers' Retirement System and, in particular, the construction of 70 O.S. 17-105 [70-17-105](1)(c) (1971): 1. "Does the language 'twenty or more years of creditable service' refer to twenty consecutive or uninterrupted years of service?" 2. "Where a teacher redeposits previously withdrawn contributions and thereby reestablishes former membership, may such former membership be considered 'creditable service' within the meaning of Section 70 O.S. 17-105 [70-17-105](1) (c)?" 70 O.S. 17-105 [70-17-105](1)(c) (1971) provides as follows: "(c) Any member with twenty or more years of creditable service and whose accumulated contributions during such period have not been withdrawn shall be given an indefinite extension of membership beginning with the sixth year following his last contributing membership and shall become eligible to apply for retirement and be retired upon attaining age sixty (60)." The above statutory provision was enacted as an amendment in 1953. The Attorney General had issued an opinion dated May 10, 1952 which held that a teacher is not entitled to retirement benefits unless a member of the system at the time application is made for retirement and which further held that under the statutes a teacher remains a member for five years after ceasing to be an active teacher. The 1953 amendment guaranteed, therefore, that a teacher with twenty or more years of creditable service has a vested right to retirement benefits upon reaching the prescribed retirement age by virtue of an indefinite extension of membership beyond the five year period. With regard to your first question, 70 O.S. 17-101 [70-17-101] (1971) defines the term "creditable service" as meaning "membership service plus any prior service. . . ." The term "membership service" is defined therein as " service as a member of the classified or nonclassified personnel. . . ." We find no requirement that service must be continuous or uninterrupted in order to constitute creditable service. Therefore, a plain reading of the statute discloses that the twenty year creditable service requirement of Section 70 O.S. 17-105 [70-17-105](1)(c) need not be met by continuous or uninterrupted service. Your second question calls for a construction of the following language of Section 17-105(1)(c): ". . . whose accumulated contributions during such period have not been withdrawn. . ." Under the Rules and Procedures for Operation of Teachers' Retirement System of Oklahoma (August 2, 1973) provision is made for a former member who returns to teaching and completes one full year of membership service to redeposit previously withdrawn contributions with interest at 5% per annum from the date of withdrawal to the close of the school year in which the payment is made. It is further provided: "Upon redeposit of withdrawn accumulated contributions with interest by a member, the membership and prior service credit under his former membership will be reestablished." The apparent purpose of providing the indefinite extension of membership by Section 70 O.S. 17-105 [70-17-105](1)(c) to members with twenty or more years of creditable service was to assure retirement benefits to teachers having shown by their length of service to be career teachers for whom the retirement system was principally created. In the light of such apparent purpose and the history of the amendment, we view the reference to withdrawal of contributions as applicable to a teacher who withdrew contributions and failed to reestablish the former membership by redepositing withdrawn contributions with interest. Such redeposit would seem to place the member in the same position as if withdrawal had not been made for the purpose of computing benefits and in determining years of creditable service under the indefinite extension of membership provision. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The twenty year creditable service requirement of 70 O.S. 17-105 [70-17-105](1)(c) (1971) for receiving an indefinite extension of membership in the Teachers' Retirement System does not necessitate continuous or uninterrupted service; nor does such requirement exclude membership service which has been reestablished by the redeposit with interest of withdrawn contributions. (Joe C. Lockhart) ** SEE: OPINION NO. 76-199 (1976) **